IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUBA JAMIL COWAN,

    Petitioner,                   No. 2:12-cv-2025 KJN P

    vs.

W.J. SULLIVAN, Warden,         ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel.  On August 1, 2012, petitioner filed a petition for writ of habeas corpus, accompanied by a notice that the petition contained unexhausted claims, and seeks a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines").  Petitioner concedes that two of his three claims are not exhausted. Petitioner's first claim was exhausted on direct appeal:  (1) there was insufficient evidence that petitioner assaulted the victim with a deadly weapon.  Claims two and three are unexhausted, and petitioner filed[1] a petition for writ of habeas corpus in the Shasta County Superior Court raising

---

[1] Petitioner states that the petition was mailed to the Shasta County Superior Court on July 30, 2012.  (Dkt. No. 3 at 1.)  Public records from Shasta County Superior Court reflect that petitioner's state habeas corpus petition was filed on August 1, 2012, and is presently pending. (Shasta County Superior Court Case Index Search, http://caselookup.shastacourts.com:8080/cgi-bin/webcase03r, visited August 29, 2012.)

1

these new claims: (2) petitioner's conviction is based in material part on false evidence; and (3) petitioner was deprived of his Sixth Amendment right to the effective assistance of trial counsel. All three claims are included in the instant petition.

Petitioner seeks to stay and abey the habeas petition under Rhines while petitioner exhausts the two new claims in the state courts. Petitioner claims counsel was recently retained, and that following review of defense counsel's file, counsel determined that there was a discrepancy between the testimony a material witness offered at trial and that witness' statement provided to the defense investigator as to where the witness was standing. (Dkt. No. 3 at 2-3.) Counsel's investigator subsequently determined, following investigation at the crime scene, that "it was physically impossible for [the witness] to have seen the incident as he described." (Dkt. No. 1 at 19.) In support of the instant request, petitioner provided curriculum vitae for the private investigator, a diagram of the crime scene and a video created by the private investigator, as well as a declaration from the private investigator. (Id. and Dkt. No. 2 at 69-82.)

In Rhines,[2] the Supreme Court held that courts may stay mixed petitions while a petitioner exhausts his unexhausted claims in state court only when 1) good cause exists for petitioner's failure to exhaust; 2) petitioner's unexhausted claims are not "plainly meritless"; and 3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id., 544 U.S. at 277-78; King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). In Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), the Supreme Court approved the filing of "protective petitions":

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state

---

[2] Petitioner acknowledges his ability to seek a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), but seeks a stay under Kelly only in the event the motion to stay under Rhines is denied. (Dkt. No. 3 at 5.) Under Kelly, petitioner would be required to file an amended petition raising only exhausted claims, and then, following exhaustion of the new claims, seek leave to amend to include the newly-exhausted claims, risking dismissal based on statute of limitations grounds. Id.

> remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petition 30. A prisoner seeking post conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1531 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

Pace, 544 U.S. at 416.

The following facts are relevant to the good cause determination. Petitioner was convicted in 2009. His conviction was affirmed on February 28, 2011. People v. Cowan, Case No. C061895 (Cal. App. 3 Dist., 2011) (Dkt. No. 2 at 4). The California Supreme Court denied the petition for review without comment on May 11, 2011. (Dkt. No. 2 at 48.) Petitioner's conviction became final ninety days later, on August 9, 2011, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on August 10, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, absent tolling, petitioner's last day to file his federal petition ran on August 10, 2012. Counsel for petitioner filed the petition on August 1, 2012.[3] Therefore, the instant petition was timely filed.[4]

Petitioner identifies several facts that demonstrate good cause for granting a stay and abeyance under Rhines. First, petitioner recently retained counsel who discovered the

---

[3] Because the filing was made by counsel, the mailbox rule does not apply. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

[4] As noted in footnote 1, petitioner's state habeas corpus petition was filed on August 1, 2012. By August 1, 2012, nine days remained in the federal statute of limitations period. While petitioner is not entitled to statutory tolling from August 9, 2011, to July 31, 2012, because no collateral challenge was pending, petitioner is entitled to tolling during the pendency of his collateral challenges in state court, provided he does not unreasonably delay between a ruling from a lower state court and the filing of the petition in the next higher state court. Evans v. Chavis, 546 U.S. 189, 193-94 (2006).

1  discrepancy between the material witness' pre-trial statement to the defense investigator and the
2  witness' testimony at trial.  Second, petitioner's counsel retained a private investigator who
3  investigated the crime scene and determined that the witness' porch was situated in such a way
4  that the witness could not have seen the incidents to which he testified.  Third, the investigator's
5  declaration is dated July 25, 2012, and counsel for petitioner mailed petitioner's state habeas
6  corpus petition to Shasta County on July 30, 2012, demonstrating counsel acted diligently in
7  raising the newly-discovered claims in state court.  Counsel was similarly diligent in filing the
8  instant petition on August 1, 2012.  These facts support a finding of good cause under Rhines.

9          In addition, the two unexhausted claims are potentially meritorious, and it does
10 not appear that petitioner intentionally engaged in dilatory litigation tactics.  Indeed, counsel for
11 petitioner filed the state court petition as soon as practicable once she identified the two
12 unexhausted claims.  Thus, petitioner's motion for stay under Rhines should be granted.

13         Moreover, petitioner alleges that he filed the instant protective petition because he
14 is not sure whether the state courts will find his habeas petitions "properly filed."  28 U.S.C.
15 § 2244(d)(1)(2) (properly filed application for state post-conviction relief tolls the statute of
16 limitations).  Based on this claim, the undersigned finds that petitioner also demonstrated good
17 cause to file a protective petition under Pace, 544 U.S. at 416.

18         For all of these reasons, the court finds that petitioner's motion for stay under
19 Rhines, 544 U.S. at 278, should be granted, and petitioner be directed to file a motion to lift the
20 stay in this court, within thirty days from the date the California Supreme Court issues a final
21 order resolving petitioner's claims two and three.

22         While the court recommends granting petitioner's motion for stay, petitioner is
23 cautioned that he must not unreasonably delay his efforts to exhaust claims two and three in the
24 state courts.  Petitioner should expeditiously exhaust his state court remedies as to claims two
25 and three, and promptly seek to lift the stay once the California Supreme Court rules on these
26 claims.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Petitioner's request for "stay and abeyance" (dkt. no. 3) be granted, and

2. Petitioner be directed to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving petitioner's claims two and three.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 4, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cowa2025.sty